UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE L. QUINONES, | |
| Plaintiff, | Civ. No. 17-13769 (RBK) (KMW) |
| v. | |
| COUNTY OF CAMDEN, et al., | OPINION |
| Defendants. | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Jose Quinones, is currently confined at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim. In addition, Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice.

## II. FACTUAL BACKGROUND

The allegations of this complaint will be construed as true for purposes of this screening opinion. Plaintiff seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants County of Camden, Camden County Freeholders, Camden County Jail Medical Department, Cooper Hospital, Our Lady of Lourdes Hospital, UMDNJ, and various John Does for failure to provide proper medical care. (*See* ECF No. 1 at pp. 5-6).

1

Plaintiff claims that on May 24, 2013, he was arrested and taken to Cooper Hospital for a knife wound. (*See id.* at p. 6). While at the hospital, Plaintiff alleges that medical staff gave him a blood thinner. (*See id.*). After being treated for his wounds, Plaintiff was transported to Camden County Correctional Facility ("CCCF"), where medical staff increased his dosage of the medication. (*See id.*). Plaintiff alleges that after approximately two years of taking the blood thinner, he began to lose his eyesight. (*See id.*). In April 2017, Plaintiff was informed that he would never regain his eyesight. (*See id.*).

Based on this factual background, Plaintiff alleges that Defendants' incompetence violated his rights under the Eighth and Fourteenth Amendments. (*See id.* at pp. 6-7). Specifically, Plaintiff claims that the medical staff at Cooper Hospital gave him the wrong blood thinner medication and that the medical staff at CCCF increased the dosage without cause and without informing Plaintiff, causing him to lose his eyesight. (*See id.* at p. 7). Plaintiff also alleges a medical malpractice claim under New Jersey law. (*See id.*). As relief, Plaintiff seeks damages in an amount to be determined at a later time. (*See id.* at p. 8). Further, Plaintiff has filed a motion seeking the appointment of pro bono counsel. (*See* ECF No. 2).

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

2

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[A] court must accept as true all of the allegations contained in a complaint." *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *See id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Courts must liberally construe pleadings that are filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (internal citations omitted).

### IV. <u>DISCUSSION</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**A. Claim against Camden County Jail Medical Department**

It is well settled that § 1983 claims may only be brought against "persons."[1] *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A correctional facility is not a "person" subject to suit under § 1983. *See Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (observing that the district court dismissed a county jail as a defendant because it is not a "person" under federal civil rights

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983

law); *Barrett v. Essex Cnty. Corr. Facility*, No. 15-0595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983."); *Ingram v. Atl. Cnty. Justice Facility*, No. 10-1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (county jail is not a person under section 1983). Accordingly, Plaintiff's claim against the CCCF Medical Department must be dismissed with prejudice as it is not a "person" capable of being sued under § 1983.

### B. Inadequate Medical Care Claims

It appears that Plaintiff may have been both a pretrial detainee and a convicted prisoner during the course of the actions complained of in his complaint. Accordingly, the Court will examine Plaintiff's claims of inadequate medical care under both the Fourteenth Amendment's due process standard (applicable to pretrial detainees) and the Eighth Amendment standard (applicable to convicted prisoners).

The Fourteenth Amendment to the United States Constitution, Section 1, guarantees that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const, amend. XIV, § 1. The Fourteenth Amendment protects a pretrial detainee from "conditions of confinement, including his health care or lack thereof, that amounted to punishment." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)). In the Third Circuit, the analysis of a pretrial detainee's claim of inadequate medical services is guided by the standard used for inadequate medical services claims by convicted prisoners under the Eighth Amendment. *Id.* Regardless, "[u]nder any standard applicable here, governmental actors' intent must be greater

than mere negligence for their alleged misconduct to support a constitutional claim." *Id.* (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).[2]

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Mere allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah v. Hayman*, 442 F. App'x 632, 635-36 (3d. Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

The inmate must first demonstrate that the medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is defined as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay

---

[2] The Court notes the recent Supreme Court decision, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which called into question the propriety of applying the Eighth Amendment analysis to a pretrial detainee in an excessive force case. Post-*Kingsley*, many courts have limited its holding only to excessive force claims, and those courts continue to apply the Eighth Amendment analysis in other contexts for pretrial detainees, such as denial of medical services claims. *See Roberts v. C-73 Med. Dir.*, No. 14-5198, 2015 WL 4253796, at *3 (S.D.N.Y. July 13, 2015). Third Circuit decisions seem to suggest that the Eighth Amendment is still the continuing standard for denial of medical care claims in this circuit. *See Miller v. Steele-Smith*, 713 F. App's 74, 76 n.1 (3d Cir. 2017) (" [A] Fourteenth Amendment claim for inadequate medical care is analyzed pursuant to the same standard applied to an Eighth Amendment claim"); *Gerholt v. Orr*, 624 F. App'x 799, 801 n.3 (3d Cir. 2015) ("We have made clear, however, that the Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner.") (citation and quotation omitted). As the Third Circuit has not announced a different test for pretrial detainees, this Court applies the Eighth Amendment test to Plaintiff's claims.

person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted); *see also Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Rand v. New Jersey*, No. 12-2137, 2015 WL 1116310, at *14 (D.N.J. Mar. 11, 2015).

An inmate must also show that prison officials acted with deliberate indifference to the serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110.

Deliberate indifference has been found where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or

7

recommended treatment. *See Rouse*, 182 F.3d at 197. Needless suffering resulting from denial of simple medical care, which does not serve any penological purpose, also violates the Eighth Amendment. *See Atkinson*, 316 F.3d at 266; *Lanzaro*, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment'"); *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

Here, Plaintiff fails to allege a serious medical need or any deliberate indifference by Defendants. Plaintiff alleges that he received medical care and treatment immediately following his arrest, and continually for the course of two years. At best, Plaintiff alleges a difference of opinion as to how he should have been treated, which does not amount to a constitutional deprivation. Indeed, a prisoner's subjective dissatisfaction with medical care does not in itself indicate deliberate indifference. *See Andrews*, 95 F. Supp. 2d at 228. Moreover, to the extent that Plaintiff seeks to second-guess Defendants' proscribed treatment, and even if it is found that Defendants were mistaken as to the extent of Plaintiff's treatment, such claims sound only in negligence or medical malpractice, and thus, are not actionable under § 1983 as a Fourteenth or Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110.

Furthermore, even if the complaint included facts demonstrating deliberate indifference, Plaintiff has not plead any facts showing personal involvement in the alleged inadequate medical care. There are no allegations of personal direction, actual knowledge, or acquiescence required to state a claim for individual liability under § 1983. *See Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (imposition of liability in a § 1983 action requires showing defendant had personal involvement in alleged wrongs and cannot be predicated on a *respondeat superior* theory).

Therefore, Plaintiff's inadequate medical care claims asserted under the Fourteenth and Eighth Amendments must be dismissed for failure to state a claim. Because all of Plaintiff's federal claims over which this Court has original jurisdiction are being dismissed, this Court will in turn decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claims against all Defendants. 28 U.S.C. § 1367(c)(3).

### C. Motion for Appointment of Counsel

Plaintiff has also filed a motion requesting the appointment of pro bono counsel. (*See* ECF No. 2). Plaintiff requests the appointment of counsel due to his blindness. (*See id.* at p. 2). Courts are afforded broad discretion in determining whether or not to request representation for an indigent civil litigant notwithstanding the fact that indigent civil litigants "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). In evaluating a motion seeking appointment of counsel, the court must preliminarily determine whether the plaintiff's claim has arguable merit. *Id.* at 155. If the court finds that the plaintiff's claim has merit, the court should be guided by the following non-exclusive factors:

> 1) The plaintiff's ability to present his or her own case;
>
> 2) The complexity of the legal issues;
>
> 3) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> 4) The amount a case is likely to turn on credibility determinations;
>
> 5) Whether the case will require the testimony of expert witnesses; and
>
> 6) Whether the plaintiff can attain and afford counsel on his own behalf.

*See id.* at 155-57; *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). As discussed above, Plaintiff's complaint does not state claim demonstrating entitlement to relief. As such, his request for the appointment of pro bono counsel must be denied.

## V.     CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's § 1983 claims against the Camden County Correctional Facility's Medical Department with prejudice; dismiss Plaintiff's § 1983 claims against Camden County, Camden County Freeholders, Cooper Hospital, Our Lady of Lourdes Hospital, UMDNJ, and John Does without prejudice for failure to state a claim; and will decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claims against all Defendants. Additionally, Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice. An appropriate order follows.

Dated: July 23, 2018

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge